IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jose A. Irizarry-Corchado, | ) | Case No. 6:22-cv-02177-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Jenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal prisoner proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On October 7, 2022, Respondent filed a motion for summary judgment. ECF No. 16. Petitioner filed a response in opposition, Respondent filed a Reply, and Petitioner filed a Sur-Reply. ECF Nos. 19, 21, 22. On December 12, 2022, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 23. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections.[1]

---

[1] On April 26, 2023, Petitioner filed a letter in which he stated: "I am the Petitioner in the above captioned case. My reason for writing is to ask if there has been any

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

In his objections, Petitioner acknowledges that he received a copy of the Report and states that he "would like to reiterate to the Court that he stands by his arguments made in previous motions and responses and prays the Court will grant him the relief

---

movement/update on the case?" ECF No. 26. On May 23, 2023, the undersigned issued a text order finding that, based on the letter, Petitioner may not have received a copy of the Report. The undersigned directed the Clerk of Court to remail the Report to Petitioner and recalculate the time for objections. On July 24, 2023, the Court received a letter from Petitioner stating he had received the text order but not the Report. ECF No. 30. The Court issued a second text order directing the Clerk of Court to remail the Report to Petitioner and informed Petitioner that objections were due by August 8, 2023. ECF No. 32.

requested." ECF No. 35.  While Petitioner has not articulated a specific objection to the Report, out of an abundance of caution for a pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law.

Petitioner's claims stem from a hearing in front a Disciplinary Hearing Officer ("DHO") in 2019, after which the DHO determined that Petitioner committed the prohibited acts.  For violation of Prohibited Act Code 111a, the DHO sanctioned Petitioner to 41 days disallowance of good conduct time ("GCT"), 100 days forfeiture of non-GCT, 30 days of disciplinary segregation, one year loss of commissary, one year loss of visitation, one further year loss of visitation other than immediate family members, and a monetary fine of $12.  For violation of Prohibited Act Code 196, the CHO sanctioned Petitioner to 41 days disallowance of GCT, 28 days forfeiture of non-GCT, 30 days of disciplinary segregation, and six months loss of phone privileges.  Petitioner contends that the proceeding violated his Due Process rights because (1) he was denied an opportunity to view all of the evidence used against him at the DHO hearing, (2) he was found guilty without any evidence, (3) he does not speak English and was denied an interpreter to inform him of what was happening during the DHO hearing, (4) he was denied the opportunity to have a handwriting specialist compare his handwriting to the handwriting in the letters in question, and (5) he did not receive a proper or timely response to his administrative remedy filings.

The Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law.  Further, upon the do novo review, the Court finds that

the Magistrate Judge has properly analyzed the claims made by Petitioner. Accordingly, the undersigned reaches the same conclusion as the Magistrate Judge that Petitioner's Due Process rights were not violated by the circumstances of the DHO hearing under the standard articulated in *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Rather than repeat what has already been stated in this case, the Court adopts and incorporates the Magistrate Judge's discussion of each ground into this Order.

Accordingly, the motion for summary judgment [16] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

August 29, 2023
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.